## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **VERNON KENNEDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | `11-cv-2339 WEB/KMH` |
| | ) | |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, VERNON KENNEDY, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      VERNON KENNEDY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Salina, County of Saline, State of Kansas.

5.      The debts that Plaintiff was allegedly obligated to pay were debts allegedly owed by Plaintiff to Titan Recovery Group and to HSBC Best Buy/S&H Greenpoints.

6.      The debts that Plaintiff allegedly owed were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is registered as a Limited Liability Company in the State of Virginia.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.      Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.      During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.      At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

## COUNT I:
## VERNON KENNEDY V. PORTFOLIO RECOVERY ASSOCIATES, LLC

14.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

15.     On or about September 29, 2010, Defendant sent a correspondence to Plaintiff in an attempt to collect a debt he allegedly owed to Titan Recovery Group.

16.     On or about December 13, 2010, Plaintiff sent a correspondence to Defendant, relative to the debt that he allegedly owed to Titan Recovery Group.

17.     The aforesaid correspondence stated that Plaintiff wished for Defendant to cease contacting him in an attempt to collect the debt he allegedly owed.

18.     The aforesaid correspondence referenced the account number relative to the debt Plaintiff allegedly owed to Titan Recovery Group.

19.     On or prior to December 17, 2010, Defendant received the aforesaid correspondence.

20.     In or around January 2011 through in or around February 2011, and on multiple occasions therein, despite having advised Defendant that he did not wish to be contacted by Defendant, Defendant initiated telephone calls to Plaintiff in a further attempt to collect the debt he allegedly owed.

21.     On or about February 12, 2011, Plaintiff sent a further correspondence to Defendant relative to the debt that he allegedly owed to Titan Recovery Group.

22.     The aforesaid correspondence again stated that Plaintiff wished for Defendant to cease contacting him in an attempt to collect the debt he allegedly owed.

3

23.     The aforesaid correspondence again referenced the account number relative to the debt Plaintiff allegedly owed to Titan Recovery Group.

24.     On or about February 17, 2011, Defendant received the aforesaid correspondence.

25.     On or about March 2, 2011, despite Defendant having received Plaintiff's cease and desist letters, Defendant initiated a telephone call to Plaintiff in an attempt to collect the debt he allegedly owed.

26.     During the course of the aforesaid telephone call, Plaintiff, again, advised Defendant that he did not wish to be contacted by Defendant.

27.     Plaintiff further advised Defendant that he had sent correspondence to Defendant stating that he wished for Defendant to cease contacting him and that he was aware that Defendant had received one of his letters on February 17, 2011.

28.     Defendant's duly authorized representative then apologized to Plaintiff and disconnected the telephone call with Plaintiff.

29.     Again, on or about March 2, 2011, despite having advised Defendant, on multiple occasions, that he did not wish to be contacted by Defendant, Defendant initiated a further telephone call to Plaintiff in a further attempt to collect the debt allegedly owed by Plaintiff.

30.     Again, Plaintiff told Defendant that he wanted Defendant to cease contacting him.

31.     Plaintiff further reiterated that he had sent correspondence to Defendant stating that he did not want Defendant to contact him.

32.     Defendant informed Plaintiff that it had not received the aforesaid letter.

33.     Plaintiff then confirmed that the address to which it sent the aforesaid correspondence to Defendant was that of Defendants.

4

34. Plaintiff further told Defendant that he was in possession of a receipt indicating that Defendant had signed for one of his letters.

35. Plaintiff then told Defendant that its telephone calls were harassing him.

36. Defendant told Plaintiff that it was allowed to continue to call Plaintiff.

37. Defendant's representation that it was allowed to continue to call Plaintiff was false, deceptive and/or misleading given that Defendant had received Plaintiff's written correspondence wherein Plaintiff requested that Defendant cease and desist communicating with him.

38. On or about March 8, 2011, despite having advised Defendant, on multiple occasions, that he did not wish to be contacted by Defendant, Defendant initiated telephone calls to Plaintiff in a further attempt to collect the debt he allegedly owed.

39. On or about March 8, 2011, Defendant initiated approximately three (3) telephone calls to Plaintiff in a single day in an attempt to collect the debt he allegedly owed.

40. On or about March 8, 2011, during a telephone call between Plaintiff and Defendant, Plaintiff, again, informed Defendant that it had sent Defendant a letter requesting that Defendant cease contacting him.

41. Defendant's duly authorized representative informed Plaintiff that it would make a note of Plaintiff's request that Defendant cease contacting him.

42. On or about March 18, 2011, despite having advised Defendant, on multiple occasions, that he did not wish to be contacted by Defendant, Defendant initiated a further telephone call to Plaintiff in an attempt to collect the debt he allegedly owed.

43. In its attempts to collect the debts allegedly owed by Plaintiff to Titan Recovery Group, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.   Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

    b.   Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    c.   Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d.   Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    f.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

44.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, VERNON KENNEDY, by and through his attorneys, respectfully prays for judgment as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

## COUNT II:
## VERNON KENNEDY V. PORTFOLIO RECOVERY ASSOCIATES, LLC

45.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

46.    On or about September 29, 2010, Defendant sent a correspondence to Plaintiff in an attempt to collect a debt he allegedly owed to HSBC Best Buy/S&H Greenpoints.

47.    On or about December 13, 2010, Plaintiff sent a correspondence to Defendant, relative to the debt that he allegedly owed to HSBC Best Buy/S&H Greenpoints.

48.    The aforesaid correspondence stated that Plaintiff wished for Defendant to cease contacting him in an attempt to collect the debt he allegedly owed.

49.    The aforesaid correspondence referenced the account number relative to the debt Plaintiff allegedly owed to HSBC Best Buy/S&H Greenpoints.

50.    On or prior to December 17, 2010, Defendant received the aforesaid correspondence.

51.    In or around January 2011 through in or around February 2011, and on multiple occasions therein, despite having advised Defendant that he did not wish to be contacted by Defendant, Defendant initiated telephone calls to Plaintiff in a further attempt to collect the debt he allegedly owed.

52.    On or about February 12, 2011, Plaintiff sent a further correspondence to Defendant relative to the debt that he allegedly owed to HSBC Best Buy/S&H Greenpoints.

53.    The aforesaid correspondence again stated that Plaintiff wished for Defendant to cease contacting him in an attempt to collect the debt he allegedly owed.

54.    The aforesaid correspondence again referenced the account number relative to the debt Plaintiff allegedly owed to HSBC Best Buy/S&H Greenpoints.

55.    On or about February 17, 2011, Defendant received the aforesaid correspondence.

56.     On or about March 2, 2011, despite Defendant having received Plaintiff's cease and desist letters, Defendant initiated a telephone call to Plaintiff in an attempt to collect the debt he allegedly owed.

57.     During the course of the aforesaid telephone call, Plaintiff, again, advised Defendant that he did not wish to be contacted by Defendant.

58.     Plaintiff further advised Defendant that he had sent correspondence to Defendant stating that he wished for Defendant to cease contacting him and that he was aware that Defendant had received one of his letters on February 17, 2011.

59.     Defendant's duly authorized representative then apologized to Plaintiff and disconnected the telephone call with Plaintiff.

60.     Again, on or about March 2, 2011, despite having advised Defendant, on multiple occasions, that he did not wish to be contacted by Defendant, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt allegedly owed by Plaintiff.

61.     Again, on or about March 2, 2011, Plaintiff told Defendant that he wanted Defendant to cease contacting him.

62.     Plaintiff further reiterated that he had sent a correspondence to Defendant stating that he did not want Defendant to contact him.

63.     Defendant informed Plaintiff that it had not received the aforesaid letter.

64.     Plaintiff then confirmed that the address to which it sent the aforesaid correspondence to Defendant was that of Defendants.

65.     Plaintiff further told Defendant that he was in possession of a receipt indicating that Defendant had signed for one of his letters.

66.     Plaintiff then told Defendant that its telephone calls were harassing him.

8

67.     Defendant told Plaintiff that it was allowed to continue to call Plaintiff.

68.     Defendant's representation that it was allowed to continue to call Plaintiff was false, deceptive and/or misleading given that Defendant had received Plaintiff's written correspondence wherein Plaintiff requested that Defendant cease and desist communicating with him.

69.     On or about March 8, 2011, despite having advised Defendant, on multiple occasions, that he did not wish to be contacted by Defendant, Defendant initiated telephone calls to Plaintiff in a further attempt to collect the debt he allegedly owed.

70.     On or about March 8, 2011, Defendant initiated approximately three (3) telephone calls to Plaintiff in a single day in an attempt to collect the debt he allegedly owed.

71.     On or about March 8, 2011, during a telephone call between Plaintiff and Defendant, Plaintiff, again, informed Defendant that it had sent Defendant a letter requesting that Defendant cease contacting him.

72.     Defendant's duly authorized representative informed Plaintiff that it would make a note of Plaintiff's request that Defendant cease contacting him.

73.     On or about March 18, 2011, despite having advised Defendant, on multiple occasions, that he did not wish to be contacted by Defendant, Defendant initiated a further telephone call to Plaintiff in an attempt to collect the debt he allegedly owed.

74.     In its attempts to collect the debts allegedly owed by Plaintiff to HSBC Best Buy/S&H Greenpoints, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

      a.  Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished

that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

b.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

c.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

d.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

e.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

f.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

75.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, VERNON KENNEDY, by and through his attorneys, respectfully prays for judgment as follows:

e.  All actual compensatory damages suffered;

f.  Statutory damages of $1,000.00;

g.  Plaintiff's attorneys' fees and costs;

76.  Any other relief deemed appropriate by this Honorable Court.

## V.  JURY DEMAND

77.  Plaintiff hereby demands a trial by jury on all issues so triable.

78.  The Plaintiff, VERNON KENNEDY, by and through his attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

Respectfully submitted,
**VERNON KENNEDY**


By:    s/ D. Matthew Durgin
        Attorney for Plaintiff

Dated: June 17, 2011

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:   (913) 908-2313
             (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:      mdurgin@smithlaw.us

11